

# IN THE
# TENTH COURT OF APPEALS

─────────────

## No. 10-17-00131-CR
## No. 10-17-00132-CR

**PADDOCK COLLINS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

─────────────

**From the 278th District Court**
**Walker County, Texas**
**Trial Court Nos. 27689 & 27691**

─────────────

## MEMORANDUM OPINION

─────────────

In one plea hearing and one sentencing hearing, Paddock Collins made an open plea of guilty to the court and was convicted of two separate offenses: evading arrest or detention with a vehicle and unauthorized use of a motor vehicle. *See* TEX. PENAL CODE ANN. §§ 38.04(b)(2)(A); 31.07 (West 2011). He was sentenced to 15 years and 10 years, respectively, in prison. The sentences were ordered to run concurrently.

Collins's appellate attorney filed a motion to withdraw and an *Anders* brief in

support of the motion to withdraw in each case, asserting that the appeals present no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel advised Collins that counsel had filed the motion and brief pursuant to *Anders* and provided Collins a copy of the record, advised Collins of his right to review the record, and advised Collins of his right to submit a response on his own behalf. Collins submitted a response. The State did not reply.

Counsel asserts in the *Anders* brief that counsel has made a thorough review of the entire record, including the sufficiency of the open pleas of guilty and waivers of appeal from the guilt phase, the punishment hearing, and the range of punishment. After the review, counsel has concluded there is no non-frivolous issue to raise in these appeals. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In his response to counsel's *Anders* brief, Collins contends the prosecutor failed to keep the plea bargain, he should have been allowed to withdraw his guilty plea, his right to confrontation of witnesses was violated, and his trial counsel was ineffective for failing to object to extraneous evidence at the punishment hearing. The record does not support Collins's contentions.

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining

that an appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record, the *Anders* brief, and Collins's response, we have determined that these appeals are frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We note, however, that costs were assessed in both judgments of conviction. Where allegations and evidence of more than one offense are presented in a single trial or plea proceeding, the trial court errs in assessing costs in each conviction. *Hurlburt v. State*, 506 S.W.3d 199, 203-204 (Tex. App.—Waco 2016, no pet.). Based on our precedent, abatement to the trial court for the appointment of new counsel is not required. *See Ferguson v. State*, 435 S.W.3d 291 (Tex. App.—Waco 2014, pet. dism.). Because this error does not impact the determination of guilt or punishment and, therefore, does not result in a reversal of either judgment, we may modify one of the judgments to correct the erroneous assessment of costs. *Id.* Accordingly, the Judgment of Conviction by Court—Waiver of Jury Trial in trial court case number 27689 is modified to delete the assessed court costs. We affirm the trial court's Judgment of Conviction by Court—Waiver of Jury Trial in trial court case number 27689 as modified and affirm the trial court's Judgment of Conviction by Court—Waiver of Jury Trial in trial court case number 27691.

Should Collins wish to seek further review of these cases by the Texas Court of

Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motions to withdraw from representation of Collins are granted, and counsel is discharged from representing Collins. Notwithstanding counsel's discharge, counsel must send Collins a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed as modified
Affirmed
Opinion delivered and filed December 20, 2017
Do not publish
[CR25]

