**Reform, Affirm as Modified; Opinion Filed February 27, 2020**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-19-00516-CR
No. 05-19-00527-CR
No. 05-19-00537-CR

**TRESHAWN JAHMAL ROBINSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 401-82805-2018, 410-82806-2018, 401-82804-2018**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Evans
Opinion by Justice Reichek

In this appeal, Treshawn Jahmal Robinson brings three issues asserting (1) the statute authorizing the assessment of summoning witness and mileage fees against him is unconstitutional on its face, (2) the assessment of duplicate court costs against him in two of the three causes appealed is improper, and (3) the recitation in the judgments that he waived his right to appeal is erroneous. Because the Texas Supreme Court recently held the summoning witness and mileage fees are not unconstitutional on their face, we resolve appellant's first issue against him. With respect to the remaining two issues, the record shows, and the State agrees, that appellant was improperly assessed duplicative court costs and the judgments erroneously state that he waived his right to appeal. Accordingly, we reform the relevant judgments to delete the duplicative costs and the recitations regarding waiver of the right to appeal. As modified, we affirm.

In three separate causes, prosecuted in a single trial, appellant was indicted for two offenses of sexual assault and one offense of forgery. Appellant pleaded guilty without the benefit of a plea bargain in all three cases. After hearing the evidence and arguments of counsel, the trial court accepted appellant's guilty pleas and denied his request for deferred adjudication community supervision. Appellant was sentenced to two years in prison in the forgery case and twelve years in prison in each of the sexual assault cases.

The judgments show costs and fees were assessed against appellant in all three cases. In one of the sexual assault cases (trial court cause number 401-82804-2018), the bill of costs shows two additional fees: a subpoena service fee of $5 and a mileage fee of $2.90. All three judgments state "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED."

In his first issue, appellant contends the subpoena service fee and mileage fee assessed in cause number 401-82804-2018 are facially unconstitutional because the collected funds were not directed to be used for a legitimate criminal justice purpose. The challenged fees were assessed pursuant to subsections (a)(3) and (b) of article 102.011 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(3),(b). In his brief on appeal, appellant acknowledged the identical issue was pending before the Texas Court of Criminal Appeals in *Allen v. State* at the time his brief was filed and he relied on the arguments presented in that case to support his position. Since then, the court of criminal appeals issued its opinion in *Allen* and concluded the fees were not unconstitutional on their face. No. 1042-18, 2019 WL 6139077, at *6-7 (Tex. Crim. App. Nov. 20, 2019). The court reasoned that, because the fees were intended to recoup expenses already incurred in the defendant's prosecution, the funds collected need not be allocated for future criminal justice expenses. *Id.* Appellant asserts no additional grounds to reverse the challenged fees other than those already addressed in *Allen*. Accordingly, we resolve appellant's first issue against him.

–2–

In his second issue, appellant contends the court costs assessed in cause numbers 401-82805-2018 and 401-82806-2018 are improper because they are duplicative of the costs assessed in cause number 401-82804-2018.  "In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant."  TEX. CODE CRIM. PROC. ANN. art.  102.073(a).  For purposes of this rule, a person convicted of more than one offense in the same trial is convicted of those offenses in a "single criminal action."  *Hurlbut v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.).  When two or more convictions arise from a single criminal action, "each court cost or fee the amount of which is determined according to the category of the offense must be assessed using the highest category of offense that is possible based on the defendant's convictions."  TEX. CODE CRIM. PROC. ANN. art.  102.073(b).

It is undisputed that all three cases at issue in this appeal were prosecuted in the same trial.  The record shows that appellant was assessed court costs of $596.90 in cause number 401-82804-2018 (sexual assault – second degree felony), $589 in cause number 401-82805-2018 (sexual assault – second degree felony), and $289 in cause number 401-82806-2018 (forgery – third degree felony).  The record further shows that all costs assessed in cause numbers 401-82805-2018 and 401-82806-2018 were also assessed in cause number 401-82804-2018.  Because the costs assessed in cause numbers 401-82805-2018 and 401-82806-2018 violate the prohibition on duplicative costs, we may reform the judgments in those cases to delete the improper fees.  *See Rubio v. State*, No. 05-17-00621-CR, 2018 WL 3424362, at *3 (Tex. App.—Dallas July 6, 2018, pet. ref'd) (mem. op., not designated for publication).  We sustain appellant's second issue.

In his final issue, appellant contends the judgments in all three causes improperly state that he waived his right to appeal.  Appellant entered an open plea of guilty in each case.  The State concedes it made no deal with appellant in which he agreed to waive his right to appeal.  *See*

*Carson v. State*, 559 S.W.3d 489, 496 (Tex. Crim. App. 2018). The reporters record in each cause includes a certification of appellant's right to appeal signed by the trial court. This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we sustain appellant's third issue and modify the judgments in all three causes to delete the statement that appellant waived his right to appeal.

Based on the foregoing, we delete the court costs assessed in the judgments for trial court cause numbers 401-82805-2018 and 401-82806-2018. We further delete the statement "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED" in the judgments for trial court cause numbers 401-82804-2018, 401-82805-2018, and 401-82806-2018. As modified, the judgments are affirmed.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190516F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TRESHAWN JAHMAL ROBINSON,
Appellant

No. 05-19-00516-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-82805-2018.
Opinion delivered by Justice Reichek.
Justices Molberg and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The portion of the judgment assessing court costs of $589 and the portion of the judgment stating "APPEAL WAIVED.  NO PERMISSION TO APPEAL GRANTED" are **DELETED**.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 27th day of February, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TRESHAWN JAHMAL ROBINSON,
Appellant

No. 05-19-00527-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-82806-2018.
Opinion delivered by Justice Reichek.
Justices Molberg and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The portion of the judgment assessing court costs of $289 and the portion of the judgment stating "APPEAL WAIVED.  NO PERMISSION TO APPEAL GRANTED" are **DELETED**.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 27th day of February, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TRESHAWN JAHMAL ROBINSON,
Appellant

No. 05-19-00537-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-82804-2018.
Opinion delivered by Justice Reichek.
Justices Molberg and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The portion of the judgment stating "APPEAL WAIVED. NO PERMISSION TO APPEAL GRANTED" is **DELETED**.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 27th day of February, 2020.