**Modify, and Affirm as Modified; Opinion Filed March 26, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00209-CR
### No. 05-19-00210-CR

**TERRANCE GARRIDO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1735291-R, F-1835443-R**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Evans
Opinion by Justice Nowell

Terrance Garrido appeals the trial court's revocation of community supervision and assessment of terms of confinement in each of two cases. In three issues, appellant argues the trial court's sentences violate the objectives of the system of prohibitions, penalties, and correctional measures of the Texas Penal Code, and he requests we delete duplicative costs from the judgment in trial court cause number F-1835443-R. In response, the State argues the trial court did no err by imposing custodial sentences, but concedes the duplicative court costs should be deleted. We affirm the trial court's judgment in trial court cause number F-1735291-R. We modify the trial court's judgment in trial court cause number F-1835443-R and affirm as modified.

On October 25, 2018, appellant pleaded guilty to harassment of a public servant (trial court cause number F-1735291-R). On December 11, 2018, appellant pleaded guilty to attempting to

take a weapon from a peace officer (trial court cause number F-1835443-R). In each case, the trial court accepted appellant's plea and placed him on deferred adjudication community supervision. Subsequently, the State filed motions to revoke asserting appellant violated three terms of his community supervision, including that appellant failed to participate in substance abuse treatment. Appellant pleaded true to the allegations in the motion. Although the State made an offer for appellant to participate in a different treatment program instead of proceeding with the motions to revoke, appellant rejected that offer.

At the revocation hearing on February 7, 2019, appellant testified he withdrew from the inpatient drug treatment facility he was attending after he refused to exit the building during a fire drill and responded to a staff member with inappropriate language. Appellant was not permitted to return to the program. He further acknowledged that he rejected the State's offer that he attend a different inpatient rehabilitation program. Although appellant asked the trial court to extend the community supervision and permit him to seek outpatient treatment, the court assessed terms of confinement in each case. This appeal followed.

In his first issue, appellant asserts the trial court abused its discretion by sentencing him to incarceration for a term of four years for harassment of a public servant and a term of eighteen months for attempting to take a weapon from a peace officer. Citing section 1.02(1)(B) of the penal code, he argues the punishments violate the code's objectives. Specifically, appellant asserts he struggles with alcohol and marijuana addictions and, rather than addressing his addictions, the terms of incarceration assessed by the trial court are "merely punitive." Texas Penal Code section 1.02, titled "Objectives of Code," lists multiple objectives, including to "insure the public safety" through deterrent influences of penalties, rehabilitation of those convicted, and punishment as may be necessary to prevent likely recurrence of criminal behavior. *See* TEX. PENAL CODE § 1.02(1).

–2–

We "give a great deal of discretion to a trial judge's determination of the appropriate punishment in any given case." *Foster v. State*, 525 S.W.3d 898, 911 (Tex. App.—Dallas 2017, pet. ref'd) (citing *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)); *see also Tapia v. State*, 462 S.W.3d 29, 46 (Tex. Crim. App. 2015) (trial judge has wide latitude to determine appropriate sentence). Generally, as long as the sentence is within the proper range of punishment, it will not be disturbed on appeal. *Foster*, 525 S.W.3d at 911 (citing *Jackson*, 680 S.W.2d 814).

Although appellant argues the trial court abused its discretion by not ordering him to attend outpatient rehabilitation after he failed to complete the inpatient program to which he had been assigned, he concedes the assessed sentences are within the statutory ranges. Given the circumstances of appellant's failure to comply with the terms of his community supervision, which required he complete rehabilitation, and because his sentences are within the statutory range, we cannot conclude the trial court abused its discretion or appellant's sentences violate the penal code's objectives listed in section 1.02.

To the extent appellant also argues the sentences are not proportionate to the seriousness of the underlying offenses, he did not raise this argument in the trial court and has not preserved this argument for appeal. *See* TEX. R. APP. P. 33.1(a); *see also Hornsby v. State*, No. 05-18-00479-CR, 2019 WL 3315448, at *2 (Tex. App.—Dallas July 24, 2019, pet. ref'd).

We overrule appellant's first and second issues.

In his third issue, appellant argues the Court should delete duplicative costs from the judgment in trial court cause number F-1835443-R because the trial court improperly assessed costs more than once when disposing of multiple cases in a single criminal action. The State agrees this Court should modify the judgment in trial court cause number F-1835443-R to delete $299 in duplicative court costs.

Appellate courts may modify a trial court's judgment and affirm it as modified. See TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, writ ref'd). Appellate courts may reform trial court judgments where "the evidence necessary to correct the judgment appears in the record." *Id.* If a clerical error in the trial court's judgment is brought to our attention, we have a "mandatory duty" to correct it. *Id.*

"In a single criminal action in which the defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). For purposes of this rule, a person convicted of more than one offense in the same trial is convicted of those offenses in a "single criminal action." *Burton v. State*, No. 05-18-00608-CR, 2019 WL 3543580, at *3 (Tex. App.—Dallas Aug. 5, 2019, no pet.) (citing *Hurlburt v. State*, 506 S.W.3d 199, 201–04 (Tex. App.—Waco 2016, no pet.)). When two or more convictions arise from a single criminal action, "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. ANN. art. 102.073(b). A claim challenging the bases of assessed court costs can be raised for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014); *see also Burton*, 2019 WL 3543580, at *3.

The record shows the trial court assessed court costs of $549 in its cause number F-1735291-R and court costs of $299 in its cause number F-1835443-R even though the cases were tried together. Reviewing the "Criminal Court Fee Docket" sheet for each case and finding that the fees charged in trial court cause number F-1835443-R were also assessed in trial court cause

number F-1735291-R it is clear that $299 of these costs are duplicative.  Therefore, we sustain appellant's third issue and modify the judgment in trial court cause number F-1835443-R to delete the $299 in duplicative court costs.

We affirm the trial court's judgment in trial court cause number F-1735291-R.  We modify the trial court's judgment in trial court cause number F-1835443-R to delete the $299 in duplicative court costs and affirm as modified.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
190209F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TERRANCE GARRIDO, Appellant

No. 05-19-00209-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1735291-R.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of March, 2020.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERRANCE GARRIDO, Appellant

No. 05-19-00210-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1835443-R.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

**DELETE** Court Costs in the amount of $299.  Show Court Costs of "N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 26th day of March, 2020.