**Modified in part, Affirmed as Modified, and Opinion Filed March 2, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00905-CR**
**No. 05-19-00906-CR**

**TYRONE CORNELIUS BURNS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1970259-M and F-1975479-M**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Partida-Kipness

Appellant Tyrone Cornelius Burns pleaded guilty to two charges: criminal mischief and aggravated robbery. Burns waived his right to a jury trial, and the trial court convicted and sentenced him to one year in jail on the criminal mischief charge and eleven years in prison on the aggravated robbery charge. In one issue, Burns contends the trial court erred in assessing costs in both cases because they were tried as a single criminal action. We modify the trial court's judgment to correct the cost assessment and affirm the judgment as modified.

# BACKGROUND

Burns was charged with criminal mischief (Cause Number F-1970259-M) for an incident in January 2019, in which he destroyed a cash register at a Jack in the Box restaurant. Witnesses claimed Burns had a verbal confrontation with a restaurant employee in the drive-through when the employee allegedly failed to serve all of the food Burns had ordered. After the confrontation, Burns entered the restaurant, banged on the service counter, threw empty food baskets, and shoved a cash register off the counter. Burns fled in his vehicle, and police were summoned. Police were able to identify Burns as the suspect by reviewing the restaurant's video surveillance footage that showed the encounter and the license plate on Burns's vehicle. The restaurant spent $3,799.90 to replace the cash register Burns damaged.

The aggravated robbery charge (Cause Number F-1975479-M) resulted from a March 2019 encounter at the apartment complex in which Burns lived. As complainant J. Plutin arrived home at the complex, he saw Burns strike an unknown female. Plutin called 911 on his cell phone. While Plutin was on the phone with the 911 operator, Burns approached him, stepped on his left foot, and punched him in the head. Plutin fell, breaking his leg in multiple places. Burns initially walked away but returned. Burns hit Plutin in the head again and stole his cell phone, and possibly his wallet, before fleeing the scene. Plutin was transported to Baylor Hospital for his injuries and provided details of the assault to police while at the hospital. The owner

of the apartment complex identified Burns from surveillance footage, and Plutin identified Burns as the assailant from a photo lineup.

The trial court held a hearing on July 18, 2019, in which Burns entered an open plea of guilty on each charge as part of plea agreement. Plutin also testified at the hearing regarding the assault and prior encounters in which he had observed Burns's aggressive behavior. After the hearing, the trial court entered judgment convicting Burns of criminal mischief involving a pecuniary loss of $2,500 or more but less than $30,000 in Cause Number F-1970259-M and aggravated robbery in Cause Number F-1975479-M. In addition to confinement, each judgment imposed on Burns court costs of $224. This appeal followed.

## ANALYSIS

Burns contends in one issue that the trial court erred in imposing costs in each case because they were disposed of in a single criminal action. Thus, Burns asks us to modify the trial court's judgment to remove the court costs assessed in Cause Number F-1970259-M and retain the costs in Cause Number F-1975479-M, which has the higher category of offense. *See* TEX. CODE CRIM. PROC. art. 102.073; *Cleveland v. State*, No. 05-19-00783-CR, 2020 WL 3820906, at *1 (Tex. App.— Dallas July 8, 2020, no pet.) (mem. op., not designated for publication). The State does not contest Burns's request.

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court

cost or fee only once against the defendant." TEX. CODE CRIM. PROC. art. 102.073(a). For purposes of this rule, a person convicted of more than one offense in the same trial is convicted of those offenses in a "single criminal action." *Hurlburt v. State*, 506 S.W.3d 199, 201–04 (Tex. App.—Waco 2016, no pet.); *see also Johnson v. State*, No. 05-19-00641-CR, 2020 WL 4745552, at *5 (Tex. App.—Dallas Aug. 17, 2020, no pet.) (mem. op., not designated for publication). When two or more convictions arise from a single criminal action, "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. art. 102.073(b). A claim challenging the bases of assessed court costs can be raised for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014); *Johnson*, 2020 WL 4745552, at *5.

The trial court assessed court costs in its judgment on each case at issue in this appeal. However, both indictments were disposed of in a single proceeding and, thus, fall within a single criminal action. *See Johnson*, 2020 WL 4745552, at *5 (citing *Hurlburt*, 506 S.W.3d at 201–04). The court costs imposed in the two cases are identical ($224) and should have been assessed only in Cause Number F-1975479-M (05-19-00906-CR) because it concerned the higher category of offense. *See* TEX. PENAL CODE §§ 28.03(b)(4)(A) (criminal mischief is a state jail felony), 29.03 (aggravated robbery is a first-degree felony).

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). This includes modifying a judgment to remove duplicative court costs. *See Johnson*, 2020 WL 4745552, at *6; *Rubio v. State*, No. 05-17-00621-CR, 2018 WL 3424362, at *3 (Tex. App.—Dallas July 16, 2018, pet. ref'd) (mem. op., not designated for publication). We, therefore, affirm Burns's sole issue and modify the judgment in Cause Number F-1970259-M (05-19-00905-CR) to remove the duplicative court costs.

## CONCLUSION

We agree that the trial court improperly assessed court costs on the cases at issue in this appeal. Accordingly, we sustain Burns's sole issue and modify the trial court's judgment in Cause Number F-1970259-M to remove court costs. As modified, we affirm the trial court's judgments.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190905F.U05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TYRONE CORNELIUS BURNS, Appellant

No. 05-19-00905-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-70259. Opinion delivered by Justice Partida-Kipness. Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Court Costs" is modified to show "$ N/A."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 2nd day of March, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TYRONE CORNELIUS BURNS, Appellant

No. 05-19-00906-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-75479. Opinion delivered by Justice Partida-Kipness. Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of March, 2021.