# NOS. 12-19-00349-CR
# 12-19-00374-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SCOTT MICHAEL YOUNG,* *APPELLANT* | § | *APPEALS FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Scott Michael Young appeals his convictions for aggravated sexual assault of a child and continuous sexual abuse of a young child or children. In two issues, Appellant challenges the court cost assessment in trial court cause number 241-1150-17, the time payment fee in trial court cause number 241-1149-17, and the local consolidated fee in both cases. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with aggravated sexual assault of a child younger than six years of age with a previous felony conviction[1] and continuous sexual abuse of a young child or children.[2] He pleaded "not guilty" to the offenses and "true" to the enhancement paragraph, and the matter proceeded to a bench trial. Ultimately, the trial court found Appellant "guilty" of the charges, assessed his punishment at imprisonment for life in each case, and ordered the sentences cumulated. This appeal followed.

---

[1] A first-degree felony with a minimum imprisonment term of twenty-five years. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (e), (f)(1) (West 2019).

[2] A first-degree felony with a minimum imprisonment term of twenty-five years. *See id.* § 21.02(b), (h) (West 2019).

## DUPLICATE COURT COST ASSESSMENT

In Appellant's first issue, he argues that the trial court erred by assessing court costs twice in a single criminal action. The State concedes this error.

The code of criminal procedure provides as follows:

> (a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.
> (b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b) (West 2018). In this context, we construe the phrase "[i]n a single criminal action" to mean in a single trial or plea proceeding. *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.).

The record in this case shows that the allegations and evidence of both offenses were presented in a single trial, or "criminal action." *See id.* Therefore, the trial court was authorized to assess each court cost and fee only once against Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a). However, each judgment shows a court cost assessment of $579.00. The two bills of costs list the same fees totaling $579.00. We conclude that the trial court erred by assessing each of these fees twice against Appellant. *See id.* Accordingly, we sustain Appellant's first issue.

We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Because we have the necessary data and information to correct the amount of court costs in this case, we conclude that the judgment and withdrawal order in trial court cause number 241-1150-17 should be modified to reflect that the amount of court costs is $0.00. *See id.*; TEX. R. APP. P. 43.2(b).

## LOCAL CONSOLIDATED FEE

In part of his second issue, Appellant argues that the trial court improperly assessed the local consolidated fee as a court cost in each case. The State concedes this error.

The Local Consolidated Fee on Conviction of Felony applies only to defendants who are convicted of offenses committed on or after January 1, 2020. *See Hayes v. State*, No. 12-20-

00222-CR, 2021 WL 1418400, at *2 (Tex. App.—Tyler Apr. 14, 2021, no pet. h.) (mem. op., not designated for publication) (citing TEX. LOC. GOV'T CODE ANN. § 134.101 (West Supp. 2021)). Section 134.101 assesses an additional $105 fee for a person who is convicted of a felony. *See* TEX. LOC. GOV'T CODE ANN. § 134.101(a). That fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. *See id.* § 134.101(b).

In the instant case, the commission date for the aggravated sexual assault is June 6, 2017, and the commission dates for the continuous sexual abuse are April 1, 2017 through June 6, 2017. Each judgment reflects that the trial court assessed $579.00 in court costs and includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $579.00. Each certified bill of costs includes the following costs listed in Section 134.101: $40.00 Clerk of the Court; $4.00 County and District Court Technology Fund; $4.00 Jury Reimbursement Fee; $25.00 County Records Management and Preservation; $5.00 Courthouse Security Fund. The sum of these costs is $78.00.

Because the offenses in this case were committed before January 1, 2020, Appellant is not obligated to pay the "Local Consolidated Fee on Conviction of Felony." *See **Hayes***, 2021 WL 1418400, at *2. We concluded above that the judgment and withdrawal order in trial court cause number 241-1150-17 should be modified to reflect that the amount of court costs is $0.00. Accordingly, we now conclude that the judgment in trial court cause number 241-1149-17 should be modified to reflect that the amount of court costs is $501.00. *See* TEX. R. APP. P. 43.2(b); ***Asberry***, 813 S.W.2d at 529. We sustain this part of Appellant's second issue.

### TIME PAYMENT FEE

Also in his second issue, Appellant argues that the trial court improperly assessed the time payment fee as a court cost in trial court cause number 241-1149-17's bill of costs. The State concedes this error.

In addition to the court cost fees totaling $579.00 in the judgment in trial court cause number 241-1149-17, the bill of costs includes a $25.00 time payment fee. This Court has the authority to review the propriety of a court cost assessed in a bill of costs even if the cost was

neither orally pronounced nor incorporated by reference in the judgment. *See **Armstrong v. State***, 340 S.W.3d 759, 765 (Tex. Crim. App. 2011) (court of appeals erred by refusing to review challenge to attorney's fees assessed in bill of costs).

The pendency of an appeal stops the clock for purposes of the time payment fee. ***Dulin v. State***, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Consequently, the assessment of the time payment fee in Appellant's case is premature, and the fee should be struck in its entirety, without prejudice to it being assessed later if, more than thirty days after the issuance of the appellate mandate, Appellant has failed to completely pay any fine, court costs, or restitution he owes. *See **id.*** We sustain this part of Appellant's second issue.

## DISPOSITION

Having sustained Appellant's first and second issues, we ***modify*** the trial court's judgment and withdrawal order in trial court cause number 241-1150-17 to reflect that the amount of court costs is $0.00, ***modify*** the trial court's judgment and withdrawal order in trial court cause number 241-1149-17 to reflect that the amount of court costs is $501.00, and ***modify*** the bill of costs in trial court cause number 241-1149-17 to remove the time payment fee without prejudice. We ***affirm*** the judgments as modified.

**GREG NEELEY**
Justice

Opinion delivered September 1, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 1, 2021**

**NO. 12-19-00349-CR**

**SCOTT MICHAEL YOUNG,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1150-17)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment and withdrawal order of the court below be **modified** to reflect that the amount of court costs is $0.00; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 1, 2021**

**NO. 12-19-00374-CR**

**SCOTT MICHAEL YOUNG,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-1149-17)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment and withdrawal order of the court below be **modified** to reflect that the amount of court costs is $501.00, the bill of costs be modified to remove the time payment fee without prejudice; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*