NOS. 12-20-00115-CR
12-20-00116-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRYAN ANTHONY HOPE,* *APPELLANT* | § | *APPEALS FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Bryan Anthony Hope appeals his convictions for aggravated assault on a public servant in trial court cause number 241-1419-19 and evading arrest or detention with a vehicle in trial court cause number 241-1489-19. Appellant raises three issues in two separate briefs challenging the trial court's assessment of court costs. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with aggravated assault on a public servant[1] and evading arrest or detention with a vehicle.[2] Pursuant to a plea bargain agreement with the State, he pleaded "guilty" to the offenses, and the trial court deferred a finding of guilt and placed him on community supervision for a term of ten years. Subsequently, the State filed a motion to adjudicate Appellant's guilt alleging several violations of his community supervision conditions. Appellant pleaded "true" to the allegations. Ultimately, the trial court found the allegations "true," found Appellant "guilty" of the charges, and assessed his punishment at imprisonment for

---

[1] A first-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a), (b)(2)(B) (West 2019).

[2] A third-degree felony. *See id.* § 38.04(a), (b)(2)(A) (West 2016).

thirty years in the aggravated assault case and ten years in the evading case. This appeal followed.

<u>**ADEQUACY OF BILL OF COSTS SUPPORT**</u>

In Appellant's sole issue in trial court cause number 241-1419-19, he argues that the trial court erred by ordering the withholding of funds from his inmate trust account in an amount not supported by the bill of costs.

<u>**Standard of Review and Applicable Law**</u>

The code of criminal procedure requires that a judgment order a defendant to pay court costs. TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). A cost is not payable by the person charged with the cost until a written bill containing the items of cost is produced, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and provided to the person charged with the cost. TEX. CODE CRIM. PROC. ANN. art. 103.001(b) (West 2018). We review the assessment of court costs on appeal to determine if there is a basis for the cost. *Johnson*, 423 S.W.3d at 390.

<u>**Analysis**</u>

The judgment in cause number 241-1419-19 reflects court costs in the amount of $229.00. The attached order to withdraw funds from Appellant's inmate trust account states that "[c]ourt costs, fees and/or fines and/or restitution have been incurred in the amount $229.00; 30.00" and orders that payment be made from the account. The bill of costs lists various fees totaling $259.00 with a balance of $239.00. The fee list includes a $30.00 fee designated as "Time Payment Fee 2020."

Appellant argues that the $30.00 fee named in the withdrawal order is not supported by the bill of costs and should be deleted. The State contends that the $30.00 fee named in the withdrawal order represents the time payment fee named in the bill of costs. However, the State contends the amount of the fee is wrong and should be corrected to $25.00. We agree with the State that the fee is supported by the bill of costs, but we also agree with Appellant that it must be deleted.

The pendency of an appeal stops the clock for purposes of the time payment fee. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Consequently, the assessment of the time

2

payment fee in each of Appellant's cases is premature, and the fees should be struck in their entirety, without prejudice to a time payment fee being assessed later if, more than thirty days after the issuance of the appellate mandate, Appellant has failed to completely pay any fine, court costs, or restitution he owes. *See id.* We sustain Appellant's sole issue in cause number 241-1419-19.

## DUPLICATE COURT COST ASSESSMENT

In Appellant's first issue in trial court cause number 241-1489-19, he argues that the trial court erred by assessing court costs twice in a single criminal action. The State concedes this error.

The code of criminal procedure provides as follows:

> (a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.
>
> (b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b) (West 2018). In this context, we construe the phrase "[i]n a single criminal action" to mean in a single trial or plea proceeding. *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.).

The record in this case shows that the allegations and evidence of both offenses were presented in a single plea proceeding, or "criminal action." *See id.* Therefore, the trial court was authorized to assess each court cost and fee only once against Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a). However, the judgment in cause number 241-1419-19 shows a court cost assessment of $229.00, and the judgment in cause number 241-1489-19 shows a court cost assessment of $339.00 and $30.00. The two bills of costs list many of the same fees, which total $229.00 in cause number 241-1419-19 and $234.00 in cause number 241-1489-19.[3] We conclude that the trial court erred by assessing each of these fees twice against Appellant. *See id.* Accordingly, we sustain Appellant's first issue in cause number 241-1489-19.

---

[3] The $5.00 difference in the amounts results from the fee designated in both bills as "Arrest Fee – Lindale PD $5.00" being charged in the incorrect amount of $10.00 in cause number 241-1489-19.

We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Because we have the necessary data and information to correct the amount of court costs in this case, we conclude that the judgment and withdrawal order in trial court cause number 241-1489-19 should be modified to remove the duplicated court cost amount of $234.00. *See id.*; TEX. R. APP. P. 43.2(b).

**LOCAL CONSOLIDATED FEE**

In Appellant's second issue in trial court cause number 241-1489-19, he argues that the trial court improperly assessed several fees in addition to those duplicated in cause number 241-1419-19. The State recognizes that together the fees constitute the Local Consolidated Fee on Conviction of Felony and concedes they were assessed in error.

The Local Consolidated Fee on Conviction of Felony applies only to defendants who are convicted of offenses committed on or after January 1, 2020. *See Hayes v. State*, No. 12-20-00222-CR, 2021 WL 1418400, at *2 (Tex. App.—Tyler Apr. 14, 2021, no pet. h.) (mem. op., not designated for publication) (citing TEX. LOC. GOV'T CODE ANN. § 134.101 (West Supp. 2021)). Section 134.101 assesses an additional $105 fee for a person who is convicted of a felony. *See* TEX. LOC. GOV'T CODE ANN. § 134.101(a). That fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. *See id.* § 134.101(b).

In the instant case, the commission date for the offense is June 29, 2019. The certified bill of costs includes the following costs listed in Section 134.101: $40.00 Clerk of the Court; $4.00 County and District Court Technology Fund; $1.00 County Jury Fund; $25.00 County Records Management and Preservation; $25.00 County Specialty Court Account; $10.00 Courthouse Security Fund. The sum of these costs is $105.00.

Because the offense in this case was committed before January 1, 2020, Appellant is not obligated to pay the "Local Consolidated Fee on Conviction of Felony." *See Hayes*, 2021 WL 1418400, at *2. Accordingly, we conclude that the judgment in trial court cause number 241-1489-19 should be modified to remove those costs in the amount of $105.00. *See* TEX. R. APP. P.

4

43.2(b); *Asberry*, 813 S.W.2d at 529.  We sustain Appellant's second issue in cause number 241-1489-19.

DISPOSITION

Having sustained Appellant's sole issue in trial court cause number 241-1419-19 and his first and second issues in trial court cause number 241-1489-19, we ***modify*** the trial court's judgment and withdrawal order in cause number 241-1419-19 to reflect that the amount of court costs is $229.00, ***modify*** the trial court's judgment and withdrawal order in cause number 241-1489-19 to reflect that the amount of court costs is $0.00, and ***modify*** the bill of costs in each case to remove the time payment fee, without prejudice to it being assessed later if, more than thirty days after the issuance of our mandate, Appellant fails to completely pay the fine, court costs, or restitution he owes. We ***affirm*** the judgments as modified.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 20, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 20, 2021**

**NO. 12-20-00115-CR**

**BRYAN ANTHONY HOPE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1419-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment and withdrawal order of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment and withdrawal order of the court below be **modified** to reflect that the amount of court costs is $229.00; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER , 2021

### NO. 12-20-00116-CR

**BRYAN ANTHONY HOPE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1489-19)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment and withdrawal order of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment and withdrawal order of the court below be **modified** to reflect that the amount of court costs is $0.00; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*