

# IN THE
# TENTH COURT OF APPEALS

**No. 10-15-00400-CR**
**No. 10-15-00401-CR**
**No. 10-15-00402-CR**
**No. 10-15-00403-CR**

**EIAN TILOR HURLBURT,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court Nos. FISC-14-22444;**
**FISC-14-22445; FISC-14-22446; FISC-14-22447**

## OPINION

Eian Tilor Hurlburt was convicted of four separate offenses of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021 (West 2011). The trial court assessed punishment at 20 years in prison for each offense and ordered the sentences to run concurrently. Because the trial court erred in assessing court costs in each judgment, in assessing an extradition fee, and in assessing a jury reimbursement fee as cost in each

conviction, the trial court's judgments are modified and affirmed as modified.

## SINGLE CRIMINAL ACTION—COSTS

In an identical issue for each of his four convictions, Hurlburt first asserts that because he was convicted of four offenses "in a single criminal action," he is only required to pay court costs once. Accordingly, his argument continues, court costs in three of his four convictions must be deleted.

Article 102.073 was added to the Code of Criminal Procedure in 2015. It provides, in relevant part:

> (a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2006). The phrase, "in a single criminal action" is not defined in this provision, and no court has otherwise defined this phrase in the context of court costs.[1]

### *Ex Parte Pharr*

The phrase has, however, been defined by the Court of Criminal Appeals for a

---

[1] We acknowledge that one other court of appeals has had an issue brought before it regarding the construction of this phrase and its application under article 102.073. In *Williams v. State*, the defendant was convicted of three offenses "arising from the same criminal action." *Williams v. State*, Nos. 01-15-00871-CR, 01-15-00872-CR, 01-15-00873-CR, 2016 Tex. App. LEXIS 8415, *12 (Tex. App.—Houston [1st Dist.] Aug. 4 2016, pet. granted) (op. on rh'g). Costs were assessed in each judgment of conviction. On appeal, the State conceded error. Thus, without any analysis, the court held that the trial court erred in assessing costs in each judgment. *Id.* at *11-12. Discretionary review of one of the trial court cases in that appeal has been granted by the Court of Criminal Appeals, PD-0947-16, but no issue was presented challenging the appellate court's decision regarding error in assessing costs in each judgment.

different provision, section 3.03 of the Texas Penal Code. *See Ex parte Pharr*, 897 S.W.2d 795 (Tex. Crim. App. 1995). Generally, section 3.03 prohibits the cumulating of sentences where "the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted *in a single criminal action*…." TEX. PENAL CODE ANN. § 3.03(a) (West 2011) (emphasis added). Subsection b of the statute lists all the exceptions for which the trial court may cumulate the sentences. *Id*. (b). In *Pharr*, a habeas applicant contended the trial court improperly cumulated his sentences in two capital murder convictions pursuant to section 3.03 because the convictions arose out of the same criminal episode and were prosecuted in the same criminal action. *See Pharr*, 897 S.W.2d at 796. The Court determined that "[a] defendant is prosecuted in a 'single criminal action' when allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceedings." *Id*. The Court then decided that the defendant was not prosecuted in a single criminal action because the reporter's record reflected that the first proceeding was concluded before the second was begun.

As an initial determination, Hurlburt wants us to use only part of the *Pharr* definition which describes a single criminal action as "allegations and evidence of more than one offense… [which] are presented in a single trial or plea proceeding" in our determination of whether costs should be deleted from three of his four judgments of conviction. He reasons that because article 102.073 does not include the phrase, "arising

out of the same criminal episode," we need not use that part of *Pharr*'s definition. We agree with Hurlburt.

As noted above, pursuant to section 3.03 of the Texas Penal Code, convictions which are not permitted to be cumulated are those that arise out of the same criminal episode. *Pharr* defined "in a single criminal action" in the context of convictions that arise out of the same criminal episode. Thus, that phrase was repeated in *Pharr's* definition. Here, the statute does not limit its reach to convictions arising out of the same criminal episode. Rather, it applies to convictions of "two or more offenses or of multiple counts of the same offense." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2006). Thus, there is no need to use the phrase, "convictions that arise out of the same criminal episode," when applying the *Pharr* definition of "in a single criminal action" to article 102.073(a).

Next, in reaching his conclusion that we must apply *Pharr*'s definition of "in a single criminal action" to article 102.073(a), Hurlburt contends that because that phrase has been construed by the Court of Criminal Appeals and the legislature did not add a different definition to article 102.073 when it was enacted, we should presume the legislature was aware of the Court's prior construction of the phrase and intended the same construction to apply to the new statute. *See Elizondo v. State,* 487 S.W.3d 185, 201 (Tex. Crim. App. 2016); *Awadelkariem v. State*, 974 S.W.2d 721, 725-26 (Tex. Crim. App. 1998), overruled in part by *Kirk v. State*, 454 S.W.3d 511, 515 (Tex. Crim. App. 2015). The cases relied upon by Hurlburt apply to situations where a statute has been construed by

the courts in a certain way and is not changed after the legislature has met. That is not the same situation we have here. However, our primary objective in construing a statute is to give effect to the Legislature's intent. *Union Carbide Corp. v. Synatzske*, 438 S.W.3d 39, 52 (Tex. 2014). Such intent is determined from the language employed which tends to accomplish the legislative design and purpose. *Koy v. Schneider*, 221 S.W. 880, 889 (1920). When that language has a well-settled meaning and legal significance, it is presumed to have been used in that sense. *Id*. It is further presumed that the Legislature expected and desired that such rule of construction would be applied by the courts in ascertaining and declaring, and in enforcing, the true legislative intent and purpose. *Id*.

The State argues that the phrase should refer to the individual case or filing instrument, not to multiple offenses or multiple counts within a charging instrument. That interpretation for section 3.02 of the Texas Penal Code was rejected by the Court of Criminal Appeals in *LaPorte v. State*, 840 S.W.2d 412 (Tex. Crim. App. 1992), the predecessor to *Pharr*. Further, the statute clearly states that when there are convictions of two or more offenses or of multiple counts of the same offense tried in a single criminal action, court costs cannot be assessed in each conviction. To say that the phrase "a single criminal action" means, as the State argues, an individual case or filing instrument would conflict with the part of the statute that defines the types of offenses to which the statute applies—two or more offenses or multiple counts of the same offense. Additionally, the State's argument is based on the premise that "in a single criminal action" is ambiguous

and that we should consult extra-textual sources to divine the interpretation of the phrase. *See Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). However, we do not believe the phrase is ambiguous, and we will not consult the extra-textual sources to which the State directs us.

While *Pharr's* interpretation may not be a preferred interpretation of the phrase for this particular statute by trial courts or counties that rely on the costs collected in criminal cases, the fact that "in a single criminal action" has been interpreted by the Court of Criminal Appeals and that interpretation has been accepted indicates to us that we must presume the Legislature meant for the same interpretation to apply to the same phrase when the Legislature used it in article 102.073(a). Thus, we presume that the Legislature, in using the phrase, "in a single criminal action" in article 102.073(a), meant the phrase to be interpreted as "allegations and evidence of more than one offense… [which] are presented in a single trial or plea proceeding" as stated in *Pharr*.

*Application of Facts to Law*

Here, Hurlburt was charged in four separate indictments for four separate offenses of aggravated sexual assault of a child. He requested that all four cases be heard together in the trial court, and the State joined in this request. Hurlburt pled guilty by open pleas to the court to each offense, and the trial court accepted Hurlburt's plea after each plea was made. Punishment for each offense was tried together to the court on four different

days spanning 6 months.  The court sentenced Hurlburt to 20 years in prison for each offense and assessed $354 in costs for each conviction.

This is unlike the facts in *Pharr* where the trial court concluded each proceeding before the next one began.  It is clear that all of Hurlburt's offenses were heard at one time.[2]  Thus, because allegations and evidence of more than one offense were presented

---

[2] THE COURT: We're on the record in cause number 22444, 22445, 22446, 22447, all styled the State of Texas versus Eian Hurlburt. In all four cases, what says the State?

STATE: We're ready, Your Honor.

THE COURT: All four cases, what says the defendant?

COUNSEL: Ready, Your Honor.

THE COURT: All right. In relation to all four cases, Mr. Hall, is it your client's request that this Court hear all four cases at the same time?

COUNSEL: Yes, Your Honor.

THE COURT: And is that the State's request as well?

STATE: Yes, Your Honor.

THE COURT: Gentlemen, thank you.  Mr. Hurlburt, the Court will have to address questions to you as it relates to each of the cases. So with that, in all four cases, you are for the record Eian Hurlburt?

THE DEFENDANT: Yes, sir
                                        ***
THE COURT: All right. You understand the  allegations and charges alleged against you in each cause number?

THE DEFENDANT: Yes, sir.

THE COURT: You understand the range of punishment in each one of these cases?

THE DEFENDANT: Yes, sir.

THE COURT: And you understand that each of these cases there is no plea agreement in either of the cases. This is -- each case is an open plea to the Court. You understand that as well?

in a single trial or plea proceeding, the trial court erred in assessing costs in each conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2006).[3]

Hurlburt's first issue is sustained and the judgments in the three trial court case numbers FISC-14-22445, FISC-14-22446, and FISC-14-22447 are modified to delete the assessed court costs.

## OTHER COST ISSUES

In his next two issues,[4] Hurlburt contends the trial court erred in assessing a $2.00 extradition fee in each judgment and a $6.00 jury reimbursement fee in each judgment.

---

THE DEFENDANT: Yes, sir.

*** 

THE COURT: All right. And does the State have anything to offer in all cases?

STATE: Your Honor, in each case we would offer what's been marked as State's 1 for each case, which would contain the waiver, stipulations and confession along with supplemental admonishments for these type of cases, certification of discovery and the discovery logs that have been executed in this case.

The trial court then proceeded and accepted pleas in each proceeding but using a singular process when it related to all four proceedings. After punishment evidence was received, the trial court announced the sentence as follows:

THE COURT: Having stated no legal reason [why the defendant should not be sentenced], [I] sentence the defendant 20 years Texas Department of Criminal Justice-Institutional Division in each case, runs each case concurrent for the record. There is no fine in any case based on the Court's sentence of penitentiary time. In each of these cases, Mr. Hurlburt, the trial court certificate has been received. It clearly indicates that in each of these cause numbers there is no plea agreement. You have a right to appeal.

[3] We note that this issue was not preserved in the trial court. The Court of Criminal Appeals has held that preservation is not required of this type of error and can be presented for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 391 (Tex. Crim. App. 2014).

[4] These are also identical in each of the four appeals.

Hurlburt asserts that the extradition fee is not statutorily authorized and the jury reimbursement fee is only statutorily authorized for the amount of $4.00. The State concedes error in both issues. We have not found statutory authorization for an extradition fee and concur that the jury reimbursement fee is limited to $4.00. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West 2006).

Accordingly, Hurlburt's second and third issues are also sustained. Because we sustained Hurlburt's first issue and modified the judgments in trial court case numbers FISC-14-22445, FISC-14-22446, and FISC-14-22447 to delete all the court costs assessed, the judgment for trial court case numbered FISC-14-22444 is the only judgment that must be modified to delete the $2.00 extradition fee and reduce the jury reimbursement fee to $4.00.

**CONCLUSION**

Having sustained Hurlburt's issues on appeal, we modify the trial court's judgments and affirm the judgments as modified.

TOM GRAY
Chief Justice



Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
Affirmed as modified
Opinion delivered and filed November 30, 2016
Publish
[CR25]