

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00079-CR
No. 02-19-00080-CR

_____

TERRICK WHITE, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court Nos. 1511843D, 1507579D

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

After entering into charge bargains, appellant Terrick White pleaded guilty on the same day to

- engaging in organized criminal activity (with burglarizing a motor vehicle being the predicate offense) in appellate cause number 02-19-00079-CR (trial court cause number 1511843D) and

- aggravated robbery in appellate cause number 02-19-00080-CR (trial court cause number 1507579D).

*See* Tex. Penal Code Ann. §§ 29.03, 71.02. After a single hearing on both offenses, the trial court sentenced White to six months' state-jail confinement in the former and ten years' imprisonment in the latter. In both cases, the trial court gave White permission to appeal. *See* Tex. R. App. P. 25.2(a)(2)(B).

In one point, relying on Article 102.073 of the Texas Code of Criminal Procedure, White complains that both judgments assess $279 in court courts. In pertinent part, Article 102.073 provides:

> (a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

> (b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

Tex. Code Crim. Proc. Ann. art. 102.073(a), (b). White argues that because the State prosecuted his two cases in a single criminal action, costs should have been assessed

in only the more serious case—the aggravated robbery—and should not have been assessed in the less serious one—engaging in organized criminal activity. *See id.*

The State agrees that White's cases were disposed of in a single criminal action, that Article 102.073 applies, and that the costs assessed in the engaging-in-organized-criminal-activity judgment should be deleted. *See id.* But the State's conceding error is not dispositive. *See Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002) ("A confession of error by the prosecutor in a criminal case is important, but not conclusive, in deciding an appeal."), *modified sub silencio by Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (challenging a statute based on separation-of-powers doctrine cannot be raised for the first time on appeal).

Here though, both White and the State are correct—White's cases were prosecuted in a single criminal action, Article 102.073 applies, and costs were thus erroneously assessed in both judgments. *See* Tex. Code Crim. Proc. Ann. art. 102.073(a), (b); *Hurlburt v. State*, 506 S.W.3d 199, 203–04 (Tex. App.—Waco 2016, no pet.); *see also Santoro v. State*, Nos. 02-18-00039-CR, 02-18-00040-CR, 2018 WL 3153564, at *1–2 (Tex. App.—Fort Worth June 28, 2018, no pet.) (mem. op., not designated for publication). We sustain White's sole point.

Between the two offenses, the aggravated robbery, a first-degree felony, is the higher-category one. *See* Tex. Penal Code Ann. § 29.03(b). As alleged, the engaging-in-organized-criminal-activity offense was a state-jail felony. *See id.* §§ 30.04(d), 71.02(b).

We modify the judgment in appellate cause number 02-19-00079-CR (trial court cause number 1511843D (the engaging-in-organized-criminal-activity case)) to delete the $279 award of court costs and to reflect an award of $0 court costs. As modified, we affirm the judgment in appellate cause number 02-19-00079-CR (trial court cause number 1511843D).

The judgment in appellate court number 02-19-00080-CR (trial court cause number 1507579D (the aggravated-robbery case)) is affirmed.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 16, 2020