**AFFIRMED as MODIFIED and Opinion Filed October 11, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00432-CR**

**No. 05-20-00434-CR**

**EDGAR FABIAN VASQUEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-80176-2018**

## MEMORANDUM OPINION

Before Justices Osborne, Reichek, and Smith
Opinion by Justice Reichek

Edgar Fabian Vazquez was charged by two-count indictment with continuous sexual abuse of a child and indecency with a child by sexual contact. A jury convicted him on both counts and assessed prison sentences of thirty-seven years and two years, respectively. In a single issue on appeal, appellant challenges the constitutionality of a portion of a $25 time payment fee imposed against him as court costs pursuant to section 133.103(a) of the Texas Local Government Code.[1]

---

[1] Effective January 1, 2020, section 133.103 of the local government code was transferred to article 102.030 of the Texas Code of Criminal Procedure and amended. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 2.54,

After the briefs in this case were filed, the Texas Court of Criminal Appeals issued its opinion in *Dulin v. State*, concluding that a trial court's assessment of the $25 time-payment fee while an appeal is pending is premature because the pendency of the appeal suspends the obligation to pay court costs. 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). The court further concluded the fee should be struck in its entirety without prejudice to being assessed later if, more than thirty days after issuance of the appellate mandate, the defendant has failed to pay any fine, court costs, or restitution he owes. *Id*.

The judgment in Cause No. 05-20-00432-CR imposed court costs in the amount of $692.32, which the record shows included the time payment fee. The judgment in Cause No. 05-20-00434-CR did not impose any court costs or fees. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073; *see Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.). The certified bill of costs also reflects the assessment of the fee.

This Court has the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc).

4.40(33). The changes apply only to a cost, fee, or fine assessed for an offense committed on or after the effective date of the Act. *Id*. § 5.01. Because the offenses in these appeals were committed before January 1, 2020, the former law applies. *Id*.

Because the time payment fee was prematurely assessed in Cause No. 05-20-00432-CR, we modify the judgment to reduce the total amount of court costs by $25 to strike the time payment fee and affirm the judgment as modified. We affirm the judgment in 05-20-00434-CR.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200432F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDGAR FABIAN VASQUEZ,
Appellant

No. 05-20-00432-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-80176-2018.
Opinion delivered by Justice Reichek; Justices Osborne and Smith participating.

Based on the Court's opinion of this date, the trial court's judgment on Count I is **MODIFIED** as follows:

To reduce the total amount of court costs by $25 to strike the time payment fee.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered October 11, 2021



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDGAR FABIAN VASQUEZ,
Appellant

No. 05-20-00434-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-80176-
2018.
Opinion delivered by Justice
Reichek; Justices Osborne and Smith
participating.

Based on the Court's opinion of this date, the trial court's judgment on Count II is **AFFIRMED**.

Judgment entered October 11, 2021