# NOS. 12-21-00071-CR
# 12-21-00081-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CAMESSIA LEAKS,*<br>*APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Camessia Leaks appeals her convictions for theft. Appellant raises two issues on appeal. We modify the judgment in trial court cause number 007-1474-20 and affirm as modified. We affirm the judgment in trial court cause number 007-1473-20.

## BACKGROUND

Appellant was indicted in two cases for theft in an amount of less than $2,500.00, both enhanced to state jail felonies due to two previous convictions for theft.[1] Appellant made an open plea of "guilty" to both offenses. The two cases were tried as a single criminal action. The trial court found Appellant guilty of both offenses, and after a punishment hearing, assessed her punishment at twelve months of confinement in a state jail facility for both offenses, ordering that she concurrently serve both sentences. This appeal followed.

## DUPLICATE COURT COST ASSESSMENT

In Appellant's first issue, she argues that the trial court erred by assessing court costs twice in a single criminal action. The State concedes this error.

---

[1] *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West 2019).

The code of criminal procedure provides as follows:

(a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

(b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b) (West 2018). In this context, we construe the phrase "[i]n a single criminal action" to mean in a single trial or plea proceeding. *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.).

The record in this case shows that the allegations and evidence of both offenses were presented in a single trial, or "criminal action." *See id.* Therefore, the trial court was authorized to assess each court cost and fee only once against Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a). However, each judgment shows a court cost assessment of $251.50. The two bills of costs list the same fees totaling $251.50. We conclude that the trial court erred by assessing each of these fees twice against Appellant. *See id.* Accordingly, we sustain Appellant's first issue.

We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Because we have the necessary data and information to correct the amount of court costs in this case, we conclude that the judgment and withdrawal order in trial court cause number 007-1474-20 should be modified to reflect that the amount of court costs is $0.00. *See id.*; TEX. R. APP. P. 43.2(b).

## LOCAL CONSOLIDATED FEE ON CONVICTION OF FELONY

In her second issue, Appellant urges the trial court improperly assessed certain court costs in its judgment in trial court cause number 007-1473-20. Specifically, she argues the trial court erroneously assessed costs for the "county specialty court account" and overcharged the "courthouse security fund." We disagree.

Appellant urges that she should not have been charged the "county specialty court account" fee because it does not apply to her offense. Prior to June 2019, Article 102.0178(g)

provided that funds received from costs on conviction of an offense under Chapter 49 of the Texas Penal Code (intoxication offenses) or Chapter 481 of the Texas Health and Safety Code (controlled substances offenses) would be deposited to the credit of the drug court account to help fund drug court programs. *See* TEX. CODE CRIM. PROC. ANN. art. 102.0178(a), (g) (West 2018), *repealed by* Act of June 15, 2019, 86th Leg., R.S., ch. 1352, § 1.18, 2019 Tex. Gen. Laws 1352. But in June 2019, the Legislature redesignated that account to the "county specialty court account" under Section 134.101(b)(6) of the Texas Local Government Code, i.e., the Local Consolidated Fee on Conviction of Felony. *See* TEX. LOCAL GOV'T CODE ANN. § 134.101(b)(6) (West 2021). Section 134.101 assesses an additional $105 fee for persons convicted of felonies. *See id.* § 134.101(a). That $105 fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. *Id.* § 134.101(b). The Local Consolidated Fee on Conviction of Felony only applies to defendants who are convicted of offenses committed on or after January 1, 2020. *Id.* The date of Appellant's charged offense in the indictment is "on or about April 7, 2020." Therefore, the Local Consolidated Fee on Conviction of Felony, including the "county specialty court account," applies.

Next, Appellant complains that the bill of costs assesses a $10.00 "courthouse security fund" fee. She urges that, under Article 102.017 of the Texas Code of Criminal Procedure, a defendant convicted of a felony offense in a district court shall pay a $5.00 security fee as a cost of court. *See* TEX. CODE CRIM. PROC. ANN. art. 102.017(a) (West 2018), *amended by* Act of June 15, 2019, 86th Leg., R.S., ch. 1352, § 1.08, 2019 Tex. Gen. Laws 1352. However, Article 102.017 has been rewritten and applies to a cost, fee, or fine on conviction for an offense committed on or after January 1, 2020. *See* Act of June 15, 2019, 86th Leg., R.S., ch. 1352, § 5.01, 2019 Tex. Gen. Laws 1352 (current version at TEX. CODE CRIM. PROC. ANN. art. 102.017 (West Supp. 2020)). Because Appellant's offense was committed in April 2020, the new legislation applies.

The bill of costs in Appellant's case includes the following costs as enumerated in Section 134.101: $40.00 Clerk of the Court, $4.00 County and District Court Technology Fund, $1.00 County Jury Fund, $25.00 County Records Management and Preservation, $25.00 County Specialty Court Account, and $10.00 Courthouse Security Fund. These total $105 in fees. As

stated above, per the statute's effective date, Appellant is obligated to pay the Local Consolidated Fee on Conviction of Felony. *See Waters v. State*, No. 12-21-00108-CR, 2021 WL 6061566, at *1–2 (Tex. App.—Tyler Dec. 21, 2021, no pet. h.) (mem. op., not designated for publication) (disposing of same issues relating to "county specialty court account" and "courthouse security fund" for offenses committed on or after January 1, 2020).

Accordingly, we overrule Appellant's second issue.

## DISPOSITION

Having sustained Appellant's first issue, we modify the trial court's judgment in trial court cause number 007-1474-20 by deleting the court costs from the judgment. Having overruled Appellant's second issue as to trial court cause number 007-1473-20, and having modified the judgment in trial court cause number 007-1474-20, we otherwise ***affirm*** the trial court's judgments in each case.

**BRIAN HOYLE**
Justice

Opinion delivered February 16, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 16, 2022**

**NO. 12-21-00071-CR**

**CAMESSIA LEAKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1474-20)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to delete the court costs from the judgment; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle., Justice
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 16, 2022**

**NO. 12-21-00081-CR**

**CAMESSIA LEAKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1473-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle., Justice
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*