# NOS. 12-21-00164-CR
# 12-21-00165-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PHILLIP ZEVELSKY JONES,* *APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Phillip Zevelsky Jones appeals his convictions for burglary of a habitation and evading arrest. In his sole issue, Appellant argues that the trial court improperly imposed court costs in the evading arrest case. We affirm in the burglary of a habitation case (trial cause number 007-1837-19, appellate cause number 12-21-00164-CR), and we modify and affirm as modified in the evading arrest case (trial cause number 007-1838-19, appellate cause number 12-21-00165-CR).

### BACKGROUND

Appellant was charged by indictment with the first-degree felony offense of burglary of a habitation while committing or attempting to commit kidnapping.[1] Appellant was also charged by indictment with the third-degree felony offense of evading arrest or detention while using a vehicle.[2] Appellant pleaded "guilty" to both offenses in a single criminal action and pleaded "true"

---

[1] *See* TEX. PENAL CODE ANN. § 30.02(d) (West 2019).

[2] *See id*. § 38.04(b)(2)(A) (West 2016).

to two enhancement paragraphs in both cases. The trial court assessed punishment at thirty years of confinement in each case and ordered that the sentences would run concurrently.[3]

## ASSESSMENT OF DUPLICATIVE COURT COSTS

In his sole issue, Appellant argues that the imposition of court costs in the evading arrest case is improper because said costs are duplicative of those assessed in the burglary case.

**Applicable Law**

The Texas Code of Criminal Procedure provides as follows:

> In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.
> (a) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b) (West 2018). In this context, we construe the phrase "[i]n a single criminal action" to mean in a single trial or plea proceeding. *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.).

**Analysis**

In this case, the record shows that the allegations and evidence of both offenses were presented in a single plea proceeding, or "criminal action." *See id*. at 203-04. Therefore, the trial court was authorized to assess each court cost and fee only once against Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a). The judgment in trial cause number 007-1838-19 shows a court cost assessment of $251.50, and the judgment in trial cause number 007-1837-19 shows a court cost assessment of $501.50. The two bills of cost contain identical costs and fees[4] with the exception of a DNA testing fee of $250, which was assessed only in trial cause number 007-1837-19. We conclude that the trial court erred by assessing the same fees twice against Appellant. *See*

---

[3] In both cases, Appellant's pleas of "true" exposed him to the punishment range for habitual offenders.

[4] In each case, the bill of costs reflects that Appellant was charged the following: $5 arrest fee, $40 clerk of the court fee, $133 consolidated court costs fee, $4 county and district court technology fund, $1 county jury fund, $25 county records management and preservation, $25 county specialty court account, $10 courthouse security fund, $0.60 judicial support fee (county), $5.40 judicial support fee (state), and $2.50 records management and preservation fee.

*id*.  Furthermore, Article 102.073(b) provides that costs must be assessed using the highest category of offense based on Appellant's convictions.  *See id*. art. 102.073(b).  Because trial cause number 007-1837-19 is a first-degree felony offense and trial cause number 007-1838-19 is a third-degree felony offense, we conclude that the court costs should be assessed only in trial cause number 007-1837-19.  *See id*.  Appellant does not challenge the assessment of any of the costs in trial cause number 007-1837-19, including the $250.00 DNA testing fee, and we therefore need not address said costs.

We sustain Appellant's issue as to the duplicative court costs assessed against him in trial cause number 007-1838-19.  We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information.  *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).  Because we have the necessary data and information to correct the amount of court costs in trial cause number 007-1838-19, we conclude that the judgment, the attached order to withdraw funds, and the bill of costs in that case (*i.e.*, appellate cause number 12-21-00165-CR) should be modified to remove the duplicate court costs totaling $251.50.  *See id*.; *see also* TEX. R. APP. P. 43.2(b).

## DISPOSITION

Having sustained Appellant's first issue as to trial cause number 007-1838-19, we ***modify*** the trial court's judgment, Order to Withdraw Funds, and bill of costs in the evading arrest offense, *i.e.*, trial court cause number 007-1838-19 (appellate cause number 12-21-00165-CR), to reflect that the amount of court costs is $0.00.  *See* TEX. R. APP. P. 43.2(b).  In all other respects, we ***affirm*** the trial court's judgment in trial court cause number 007-1838-19 as modified.  We ***affirm*** the trial court's judgment in the burglary of a habitation case (trial court cause number 007-1837-19).

BRIAN HOYLE
Justice

Opinion delivered March 31, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2022**

**NO. 12-21-00164-CR**

**PHILLIP ZEVELSKY JONES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1837-19)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2022**

**NO. 12-21-00165-CR**

**PHILLIP ZEVELSKY JONES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1838-19)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below is **modified** to reflect that the amount of court costs is $0.00; in all other respects the judgment of the trial court is **affirmed**; and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*