**AFFIRMED as MODIFIED and Opinion Filed October 5, 2022**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-21-01134-CR**
**No. 05-21-01135-CR**
**No. 05-21-01136-CR**
**No. 05-21-01137-CR**

**MARCOS GARCIA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-75544-S, F18-76332-S,**
**F18-76333-S, and F18-76446-S**

## MEMORANDUM OPINION
Before Justices Smith, Nowell, and Osborne
Opinion by Justice Smith

Appellant Marcos Garcia appeals from one judgment of conviction for aggravated sexual assault of a child under fourteen (Cause No. F18-76332-S) and three judgments of conviction for continuous sexual abuse of a young child (Cause Nos. F19-75544-S, F18-76333-S, and F18-76446-S). In two issues, appellant contends the trial court (1) erred by assessing costs against appellant in each of the four cases and (2) violated appellant's common law right to allocution. We modify

the trial court's judgments in Cause Nos. F19-75544-S, F18-76333-S, and F18-76446-S to remove the costs assessed against appellant. We otherwise affirm.

## Background

Appellant was charged with five sexual offenses perpetrated against three children and pleaded not guilty to each offense. Following trial, a jury found him guilty of one offense of aggravated sexual assault of a child under fourteen and three offenses of continuous sexual abuse of a young child.[1] The jury assessed punishment at thirty years' confinement for the aggravated sexual assault and sixty years' confinement for each continuous sexual abuse of a young child.

The trial court formally sentenced appellant after reading the jury's punishment verdict aloud and confirming that it was unanimous. The trial court asked appellant if there was any reason in law why the sentences should not be imposed:

> THE COURT: It is the order, judgment, and decree of the Court that you be taken by the sheriff to the authorized receiving agent of the Texas Department of Criminal Justice where you shall serve a period of 60 years in the 446 case, in the 333 case, in the 332 case.
>
> And I apologize, State, actually is there a request from you?
>
> [State's Counsel]: No, Your Honor.
>
> THE COURT: Okay. In the 33 case -- 332 case, 30 years.
>
> And in the 544 case, 60 years.

---

[1] The jury acquitted appellant of indecency with a child by contact.

Your sentences will run concurrent.

And actually, Counsel, before I address that issue.

Is there any legal reason why sentence should not be imposed?

[Defense Counsel]: No, Your Honor.

THE COURT: Okay. It's the order, judgment, and decree of the Court that you be taken by the sheriff to the authorized receiving agent of the Texas Department of Criminal Justice.

Your sentence begins today. You'll receive all back time that you previously served.

The trial court signed a Judgment of Conviction by Jury in each case. Each judgment assessed court costs of $390, and the district clerk certified those costs in each case.

## Duplicate Costs

In his first issue, appellant contends the court costs should be deleted from three of the judgments because the five cases against him were tried together, four of which resulted in convictions, and, therefore, those costs are duplicative. The State agrees.

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). For purposes of this rule, a person convicted of two or more offenses in the same trial or plea proceeding is convicted of those offenses in a "single criminal

–3–

action." *Hurlburt v. State*, 506 S.W.3d 199, 201–04 (Tex. App.—Waco 2016, no pet.). If the convictions are for the same category of offense and the costs are the same, the costs should be assessed in the case with the lowest trial court cause number. *Thomas v. State*, No. 05-20-00114-CR, 2021 WL 2948550, at *2 (Tex. App.—Dallas June 30, 2021, pet. ref'd) (mem. op., not designated for publication) (citing CODE CRIM. PROC. art. 102.073(b); *Johnson v. State*, No. 05-19-00641-CR, 2020 WL 4745552, at *5 (Tex. App.—Dallas Aug. 17, 2020, no pet.) (mem. op., not designated for publication)).

Here, appellant was convicted of four first degree felony offenses in a single trial. *See* TEX. PEN. CODE ANN. § 21.02 (continuous sexual abuse) & §22.021(a)(2)(B) (aggravated sexual assault). Court costs, therefore, should have been assessed only once in the case with the lowest trial court cause number, Cause No. F18-76332-S. *See* CODE CRIM. PROC. art. 102.073(a); *Thomas*, 2021 WL 2948550, at *2. Accordingly, we sustain appellant's first issue.

This Court has the power to modify a judgment to speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref''d) (en banc). Therefore, we modify the Judgment of Conviction by Jury and bill of costs in Cause Nos. F19-75544-S, F18-76333-S, and F18-76446-S to delete the $390 in duplicative costs.

**Right to Allocution**

In his second issue, appellant asserts the trial court violated his common law right to allocution and, therefore, he is entitled to a new sentencing hearing. The State responds that appellant failed to preserve this complaint for our review, and we agree.

"The term 'allocution' refers to the trial judge's asking a criminal defendant to speak in mitigation of the sentence to be imposed." *Watkins v. State*, No. 05-19-00557-CV, 2020 WL 1809503, at *4 (Tex. App.—Dallas Apr. 9, 2020, no pet.) (mem. op., not designated for publication); *see also Green v. United States*, 365 U.S. 301, 304 (1961) (recognizing common law right of allocution). To complain on appeal of the denial of the right of allocution, a defendant must have timely objected in the trial court. *See, e.g.*, *Hicks v. State*, No. 05-20-00614-CR, 2021 WL 3042672, at *1–2 (Tex. App.—Dallas July 19, 2021, no pet.) (mem. op., not designated for publication); *Hall v. State*, No. 05-18-00442, 2019 WL 3955772, at *1 (Tex. App.—Dallas Aug. 22, 2019, pet. ref'd) (mem. op., not designated for publication).

While sentencing appellant, the trial court asked if there was "any legal reason why sentence should not be imposed?" Appellant's counsel responded, "No." Appellant neither asked the trial court for the opportunity to make an allocution under the common law nor objected to the trial court's failure to recognize his common-law right to allocution. Because appellant failed to timely object to the denial of his right of allocution, he did not preserve his complaint for

appeal. *See, e.g., Hicks*, 2021 WL 3042672, at *1–2. Accordingly, we overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court in Cause No. F18-76332-S. And, as modified, we affirm the judgments of the trial court in Cause Nos. F19-75544-S, F18-76333-S, and F18-76446-S.

/Craig Smith/
CRAIG SMITH
JUSTICE

211134f.u05
211135f.u05
211136f.u05
211137f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCOS GARCIA, Appellant

No. 05-21-01134-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-75544-S. Opinion delivered by Justice Smith. Justices Nowell and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

to delete the court costs of $390 in the Judgment of Conviction by Jury and Bill of Costs.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of October, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCOS GARCIA, Appellant

No. 05-21-01135-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F18-76332-S.
Opinion delivered by Justice Smith. Justices Nowell and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of October, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCOS GARCIA, Appellant

No. 05-21-01136-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-76333-S. Opinion delivered by Justice Smith. Justices Nowell and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> to delete the court costs of $390 in the Judgment of Conviction by Jury and Bill of Costs.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of October, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

MARCOS GARCIA, Appellant

No. 05-21-01137-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F18-76446-S.
Opinion delivered by Justice Smith.
Justices Nowell and Osborne
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

to delete the court costs of $390 in the Judgment of Conviction by
Jury and Bill of Costs.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of October, 2022.