# NOS. 12-23-00311-CR
# 12-24-00005-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHASITY BREANN HEAD,* *APPELLANT* | § | *APPEAL FROM THE 475TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Chasity Breann Head appeals her two convictions for manslaughter. In her sole issue, Appellant argues the trial court improperly imposed court costs in the second case. We affirm in the first case (trial cause number 475-0874-23, appellate cause number 12-24-00005-CR), and we modify and affirm as modified in the second case (trial cause number 475-0875-23, appellate cause number 12-23-00311-CR).

## BACKGROUND

Appellant was charged by indictment with two counts of the second-degree felony offense of manslaughter. Appellant pleaded "guilty" to both offenses in a single criminal action. In a single punishment hearing, the trial court found Appellant to be "guilty" of both offenses, assessed punishment at eighteen years of imprisonment for each case, ordered court costs for both cases, and ordered that the sentences would run concurrently. These appeals followed.

## ASSESSMENT OF DUPLICATIVE COURT COSTS

In her sole issue, Appellant argues that the imposition of court costs in the second case is improper because said costs are duplicative of those assessed in the first case. The State concedes that the assessment of court costs in both cases was error.

**Applicable Law**

The Texas Code of Criminal Procedure provides as follows:

> (a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.
> (b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b) (West 2023). In this context, we construe the phrase "[i]n a single criminal action" to mean in a single trial or plea proceeding. *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.).

**Analysis**

In this case, the record shows that the allegations and evidence of both offenses were presented in a single plea proceeding, or "criminal action." *See id.* at 203-04. Therefore, the trial court was authorized to assess each court cost and fee only once against Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a). The judgments in trial cause number 475-0874-23 and trial cause number 475-0875-23 each show a court cost assessment of $251.50. Additionally, the two bills of cost contain identical costs. We conclude that the trial court erred by assessing the same fees twice against Appellant. *See id.*

Furthermore, Article 102.073(b) provides that costs must be assessed using the highest category of offense based on Appellant's convictions. *See id.* art. 102.073(b). Here, Appellant's convictions were for two counts of the same second-degree felony offense. Where a defendant is convicted of two or more offenses or of multiple counts of the same offense in a single criminal action, and the convictions are the same category of offense and the costs are all the same, appellate courts have held that court costs should be based on the lowest cause number. *See Garcia v. State*, Nos. 12-22-00034-CR, 12-22-00035-CR, 2022 WL 3012449, at *1 (Tex. App.—Tyler 2022, no pet.) (mem. op., not designated for publication); *Johnson v. State*, Nos. 05-19-00641-CR, 05-19-00642-CR, 2020 WL 4745552, at *5 (Tex. App.—Dallas Aug. 17, 2020, no pet.) (mem. op., not designated for publication); *Duchesneau v. State*, Nos. 02-18-00321-CR, 02-18-00322-CR, 2019 WL 2455619, at *7 (Tex. App.—Fort Worth June 13, 2019, pet. ref'd) (mem. op., not designated for publication). Accordingly, the court costs should be based on the case bearing trial cause number 475-0874-23.

We sustain Appellant's issue as to the duplicative court costs assessed against her in trial cause number 475-0875-23.  We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information.  *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).  Because we have the necessary data and information to correct the amount of court costs in trial cause number 475-0875-23, we conclude that the judgment, the attached order to withdraw funds, and the bill of costs in that case (i.e., appellate cause number 12-23-00311-CR) should be modified to remove the duplicate court costs totaling $251.50.  *See id.*; *see also* TEX. R. APP. P. 43.2(b).

## DISPOSITION

Having sustained Appellant's sole issue as to trial cause number 475-0875-23 (appellate cause number 12-23-00311-CR), we ***modify*** the trial court's judgment, order to withdraw funds, and bill of costs to reflect that the amount of court costs is $0.00.  *See* TEX. R. APP. P. 43.2(b). We ***affirm*** the trial court's judgment in trial court cause number 475-0875-23 as modified.  We ***affirm*** the trial court's judgment in trial court cause number 475-0874-23 (appellate cause number 12-24-00005-CR).

JAMES T. WORTHEN
Chief Justice

Opinion delivered May 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2024**

**NO. 12-23-00311-CR**

**CHASITY BREANN HEAD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 475th District Court

of Smith County, Texas (Tr.Ct.No. 475-0875-23)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that the judgment, Order to Withdraw Funds, and bill of costs of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment, Order to Withdraw Funds, and bill of costs of the court below be **modified** to reflect that the amount of court costs is $0.00; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2024**

**NO. 12-24-00005-CR**

**CHASITY BREANN HEAD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 475th District Court

of Smith County, Texas (Tr.Ct.No. 475-0874-23)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things **affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*