

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00045-CR

CHARLES ROBERT MAYFIELD, SR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 50899-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

In Gregg County, Charles Robert Mayfield, Sr., waived a jury trial and entered an open plea to driving while intoxicated (DWI), third or more. *See* TEX. PENAL CODE ANN. § 49.09(b) (Supp.). After pleading true to one enhancement paragraph, the trial court sentenced Mayfield to twelve years' imprisonment, with a $100.00 fine. On appeal, Mayfield claims the trial court erred by imposing duplicative court costs and fees in this case and in his companion cause number 06-24-00046-CR.[1] We find that the trial court imposed duplicative costs. We also find that, while the duplicative costs should be struck in Mayfield's companion cause number 06-24-00046-CR, the trial court properly assessed the costs in this case. As a result, we affirm.

## I.      Factual Background

Mayfield was charged in two separate indictments for the offenses of DWI, third or more (the present appeal), and obstruction or retaliation. Both offenses are third-degree felonies. At the trial court level, the present appeal was cause number 50899-B, while Mayfield's companion case was cause number 50901-B. Both offenses occurred "on or about the 19th day of March, 2020." Mayfield was convicted of both offenses in the same plea proceeding. In the judgments in cause numbers 50899-B and 50901-B, the trial court assessed court costs of $290.00 in each case.

## II.     Applicable Law

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once

---

[1]We address Mayfield's companion cause number 06-24-00046-CR in a separate opinion.

against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). "For purposes of this rule, a person convicted of two or more offenses in the same trial or plea proceeding is convicted of those offenses in a 'single criminal action.'" *Shuler v. State*, 650 S.W.3d 683, 690 (Tex. App.—Dallas 2022, no pet.) (citing *Hurlburt v. State*, 506 S.W.3d 199, 201–04 (Tex. App.—Waco 2016, no pet.)); *see also Clark v. State*, 592 S.W.3d 919, 933 (Tex. App.—Texarkana 2019, pet. ref'd) (striking multiple costs assessed where the trial was consolidated).

When this rule is applicable and the costs should only be assessed one time, the trial court should determine in which case the costs should be assessed. In deciding where to assess the costs, generally the trial court assesses "using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. ANN. art. 102.073(b). Where, however, "the convictions are for the same category of offense and the costs are the same, the costs should be assessed in the case with the lowest trial cause number." *Shuler*, 650 S.W.3d at 690 (citing *Thomas v. State*, Nos. 05-20-00114-CR & 05-20-00115-CR, 2021 WL 2948550, at *2 (Tex. App.—Dallas June 30, 2021, pet. ref'd) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. art. 102.073(b); *Johnson v. State*, Nos. 05-19-00641-CR & 05-19-00642-CR, 2020 WL 4745552, at *5 (Tex. App.—Dallas Aug. 17, 2020, no pet.) (mem. op., not designated for publication))).

## III.  Analysis

The charges against Mayfield for DWI, third or more, and obstruction or retaliation were consolidated as a part of the same plea proceeding. Thus, they were a "single criminal action." TEX. CODE CRIM. PROC. ANN. art. 102.073(a); *Shuler*, 650 S.W.3d at 690. After Mayfield was

convicted in both cases, the trial court assessed costs of $290.00 in both judgments. This was improper, and the trial court should have only assessed costs in one of the judgments. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a).

In general, the costs are assessed in the case with the "highest category of offense." TEX. CODE CRIM. PROC. ANN. art. 102.073(b). Here, however, both offenses are third-degree felonies. Consequently, the trial court should have assessed costs in the case with the lowest cause number. *Shuler*, 650 S.W.3d at 690. The current action was trial court cause number 50899-B, while Mayfield's companion cause number 06-24-00046-CR, was trial court cause number 50901-B. As the lowest cause number, the costs should have been assessed in cause number 50899-B but should not have been assessed in Mayfield's companion cause number 50901-B. Accordingly, as to this appeal, we affirm the assessment of costs and do not modify the judgment.

## IV. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Chief Justice

Date Submitted: August 30, 2024
Date Decided: September 27, 2024

Do Not Publish

4