

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00029-CR

---

MONTANA LEE SCHNEIDER, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 31156

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Montana Lee Schneider pled guilty to both counts in trial court cause number 31156: possession of child pornography less than 100 depictions in count one and possession of child pornography, namely, a video depicting sexual assault of a child younger than eighteen years of age, in count two. *See* TEX. PENAL CODE ANN. § 43.26 (Supp). In Schneider's companion trial court cause number 30850 (our appellate cause number 06-25-0028-CR), he pled guilty to one count of sexual assault of a child younger than seventeen years of age, thirteen counts of sexual performance of a child younger than eighteen years of age, and sixty-six counts of possession of child pornography. *See* TEX. PENAL CODE ANN. §§ 22.011, 43.25 (Supp.), § 43.26.

Schneider elected to have a jury assess his punishment. In trial court cause number 31156, the jury assessed his punishment for count two at life imprisonment and ten years' confinement in prison for count one. The trial court ordered Schneider to pay a $10,000.00 fine on each count. After considering the State's motion to cumulate Schneider's punishment, the trial court ordered that the sentences on all counts in both cause numbers be served consecutively.

Schneider's trial counsel has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief outlines the procedural history of the case and summarizes the evidence presented during the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d

403, 406 (Tex. Crim. App. 2008) (orig. proceeding). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On July 1, 2025, counsel mailed Schneider copies of the brief, the motion to withdraw, and the appellate record. Schneider was informed of his right to review the record and to file a pro se response.

Schneider chose to file a response but asked for additional time to do so. By order dated September 16, 2025, this Court granted Schneider's second motion for extension to file a pro se response. In the same September 16 order, we further informed Schneider that the case would be set for submission on October 7, 2025.

We received Schneider's pro se response on September 16, 2025. In his response, Schneider argues that (1) trial counsel was ineffective for not investigating his mental-health history, seeking an expert under *Ake v. Oklahoma*, 470 U.S. 68 (1985), or challenging competency; (2) appellate counsel was ineffective for not providing the full record and abandoning him during the motion for new trial period; (3) he lacked counsel and advice about a motion for new trial; (4) he was incompetent, so his plea is void; (5) the trial court abused its discretion and the State committed *Brady* and discovery violations by not obtaining medical records allegedly proving incompetence; (6) the State committed prosecutorial misconduct; and (7) cumulative error warrants relief. *See In re Schulman*, 252 S.W.3d at 409 n.23.

We have reviewed the entire appellate record and Schneider's pro se response and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *In re Schulman*, 252 S.W.3d at 409. However, non-reversible

3

error exists in the judgments because the judgments assess duplicative court costs.  *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a).

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant."  TEX. CODE CRIM. PROC. ANN. art. 102.073(a).  "For purposes of this rule, a person convicted of two or more offenses in the same trial or plea proceeding is convicted of those offenses in a 'single criminal action.'"  *Shuler v. State*, 650 S.W.3d 683, 690 (Tex. App.—Dallas 2022), *abrogated by Bradshaw v. State*, 707 S.W.3d 412 (Tex. Crim. App. 2024) (quoting *Hurlburt v. State*, 506 S.W.3d 199, 201–03 (Tex. App.—Waco 2016, no pet.)); *see also Clark v. State*, 592 S.W.3d 919, 933 (Tex. App.—Texarkana 2019, pet. ref'd) (striking multiple costs assessed where the trial was consolidated).  When this rule is applicable and the costs should only be assessed once, the trial court should determine in which case the costs should be assessed.  In deciding where to assess the costs, generally the trial court assesses "using the highest category of offense that is possible based on the defendant's convictions."  TEX. CODE CRIM. PROC. ANN. art. 102.073(b).

Since the indictments in trial court cause number 31156 and trial court cause number 30850 were consolidated for trial, this was a "single criminal action."  *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a); *Shuler*, 650 S.W.3d at 690.  Schneider was convicted of eighty-two counts in total.  Schneider was assessed court costs of $330.00 in count three in companion trial court cause number 30850 (our appellate cause number 06-25-00028-CR) and $290.00 in count

4

one here. This was improper, and the trial court should have only assessed costs in one of the judgments. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a).

Count three in companion trial court cause number 30850 (our appellate cause number 06-25-00028-CR) is a first-degree felony, and count one here is a third-degree felony. Count three of companion trial court cause number 30850 is the highest category of offense. Consequently, the trial court should have assessed costs in the judgment with the lowest cause number. *See Shuler*, 650 S.W.3d at 690. We modify the trial court's judgment in this cause number to delete the assessment of court costs in count one.

Next, in count one in this cause number, the judgment incorrectly lists the statute for the offense as "43.26(d)(2)(b) Penal Code." We modify the trial court's judgment to list the statute for the offense as "43.26(d)(1) Penal Code." *See* Act of May 22, 2023, 88th Leg., R.S., ch. 1041, § 2, 2023 Tex. Gen. Laws 3339, 3340 (repealed 2025); TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).

In the *Anders* context, once we determine that no reversible error exists, we must affirm the trial court's judgment. *Bledsoe*, 178 S.W.3d at 826–27.

As modified, we affirm the trial court's judgment.[1]

Charles van Cleef
Justice

Date Submitted: October 7, 2025
Date Decided: December 17, 2025

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. We will not appoint substitute counsel. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.