

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00170-CR

**CORDELL WILLIAM DALRYMPLE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

## From the 54th District Court
## McLennan County, Texas
## Trial Court No. 2019-652-C2

## MEMORANDUM OPINION

Cordell William Dalrymple was convicted of two counts of aggravated sexual assault of a child and sentenced to 40 years in prison for each count. *See* TEX. PENAL CODE § 22.021. A separate judgment of conviction was signed for each count.

Dalrymple's appellate attorney filed a motion to withdraw and a brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous pursuant to the United States Supreme Court opinion in *Anders*, but also presenting nonreversible error in the judgments pursuant to this Court's order in *Allison*. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d

493 (1967); *Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order).

Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. We conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-320 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing the *Anders* portion of this appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *Cummins v. State*, 646 S.W.3d 605, 620-621(Tex. App.—Waco 2022, pet. ref'd).

As noted previously, despite finding no reversible error, counsel has presented one issue of nonreversible error, that the trial court erred in assessing costs in both counts in violation of Texas Code of Criminal Procedure article 102.073(a), the "single criminal action" provision. Where allegations and evidence of more than one offense are presented in a single trial or plea proceeding, the trial court errs in assessing costs in each conviction. *Hurlburt v. State*, 506 S.W.3d 199, 203-204 (Tex. App.—Waco 2016, no pet.).

The State concedes that the judgments for both counts should be reformed to reflect that costs are assessed in only one judgment. We agree that costs should have been assessed in either Count I or Count II, but not both. *See Hurlburt v. State*, 506 S.W.3d 199, 203-204 (Tex. App.—Waco 2016, no pet.). Accordingly, we modify the judgment in Count II to strike the portion of the "special findings or orders" section on page 2 of the trial court's judgment which states,

> "The Court adjudges statutory court costs against the defendant. The Court orders the defendant to pay all statutory court costs. The Court orders the clerk to collect all statutory court costs."[1]

Therefore, because only one judgment is modified, the trial court's Judgment of Conviction by Jury, Count I, is affirmed, the trial court's Judgment of Conviction by Jury, Count II, is affirmed as modified, and counsel's motion to withdraw from representation of Dalrymple is granted. *See Cummins v. State*, 646 S.W.3d 605 (Tex. App.—Waco 2022, pet. ref'd).

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Smith, and
  Justice Wright[2]
Affirmed; affirmed as modified
Opinion delivered and filed November 16, 2022
Do not publish
[CRPM]

---

[1] The bill of cost should be modified to reflect the cost due in the judgment as it has been modified by this opinion.

[2] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

Dalrymple v. State                    Page 3