**AFFIRM AS MODIFIED; Opinion Filed May 3, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01181-CR
### No. 05-22-01182-CR

**DEVYN KENARD COLEMAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F21-57668-T and F21-76301-T**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Kennedy

Devyn Kenard Coleman appeals from judgments of conviction for evading arrest or detention with a vehicle and aggravated robbery. In his two issues on appeal, he requests modification of both judgments. In the first issue, appellant urges the judgment in trial court cause number F21-57668-T improperly assessed duplicative court costs. In the second issue, appellant argues the time payment fee was prematurely assessed in both cause numbers. The State agrees that the court costs assessed in trial court cause number F21-57668-T are duplicative and should be deleted and that the time payment fee was prematurely assessed in both cases and

should be struck in its entirety from the fee docket without prejudice to subsequent assessment in trial court cause number F21-76301-T. We modify the trial court's judgment and bill of costs in trial court cause number F21-57668-T to delete the duplicative court costs assessed and to strike the time payment fee from the fee docket. As modified, we affirm the judgment in trial court cause number F21-57668-T. We modify the trial court's bill of costs in F21-76301-T to strike the time payment fee from the fee docket without prejudice to subsequent assessment, and we affirm the judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

In the evening of July 31, 2021, the complainant and her husband had just finished shopping at a grocery store, and her husband had remained inside to pay for their groceries while the complainant went ahead to their car to buckle in their child. Appellant approached the complainant while she was sitting in the backseat of her car and placing her toddler into the car seat. Appellant pointed a gun at the complainant and directed her to unbuckle her child and give him her phone, money and car keys. The complainant gave appellant her phone and the money she had in her wallet, and, as she was handing over her car keys, another man got into the driver's seat. Appellant left the complainant's phone on the car parked next to hers and got into passenger seat of the complainant's car before the other man drove the car away.

That night around 11:50 p.m., a police officer with the Dallas Police Department, observed the complainant's car and recognized it as having been reported stolen and used in the commission of aggravated robberies. The officer used his radio to call dispatch to alert surrounding officers about the suspect car. Police officers in several cars began pursuing the suspect car, which proceeded East on Interstate Highway 30 and through downtown Dallas. A helicopter soon joined the pursuit. The suspect car eventually stopped in a heavily wooded area where three men got out of the car. An officer with the canine unit located one of the suspects, and appellant and the remaining suspect were soon thereafter located by the police air support.[1]

Appellant was charged by indictment with evading arrest or detention with a vehicle and aggravated robbery. He pleaded not guilty, and the cases proceeded to trial before a jury, who found appellant guilty of both offenses as charged in the respective indictments. Appellant elected to be sentenced by the trial judge, who sentenced him to ten years' confinement in the evading arrest case and to forty-five years' confinement in the aggravated robbery case, with the sentences running concurrently. Appellant filed timely notices of appeal in both cases.

---

[1] While the police were searching for the occupants of the suspect car, appellant and the remaining suspect posted videos of themselves on social media "saying they were just waiting for the police to come get them and they're going to jail."

DISCUSSION

In two issues, appellant requests modification of the judgments that are the subject of this appeal.

We may modify a trial court's written judgment if the necessary information to do so is contained in the record. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Additionally, we are authorized on direct appeal to order a modification of a bill of costs independent of finding an error in the trial court's judgment. *See Contreras v. State*, No. 05-20-00185-CR, 2021 WL 6071640, at *9 n.7 (Tex. App.—Dallas Dec. 23, 2021, no pet.) (mem. op. on reh'g, not designated for publication) (citing *Bryant v. State*, 642 S.W.3d 847, 850 (Tex. App.—Waco 2021, no pet.) (op. on remand); *Dority v. State*, 631 S.W.3d 779, 794 (Tex. App.—Eastland July 2021, no pet.)).

In his first issue, appellant urges the judgment in trial court in cause number F21-57668-T improperly assessed duplicative court costs. The State agrees.

"In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. art. 102.073(a). For purposes of this rule, a person convicted of two or more offenses in the same trial or plea proceeding is convicted of those offenses in a "single criminal action." *See Garcia v. State*, No. 05-21-01134-CR, 2022 WL 5113172, at *1 (Tex.

App.—Dallas Oct. 5, 2022, no pet.) (mem. op., not designated for publication) (quoting *Hurlburt v. State*, 506 S.W.3d 199, 201–04 (Tex. App.—Waco 2016, no pet.)). When two or more convictions arise from a single criminal action, "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." *See Johnson v. State*, No. 05-19-00641-CR, 2020 WL 4745552, at *5 (Tex. App.—Dallas Aug. 17, 2020, no pet.) (mem. op., not designated for publication) (quoting CRIM. PROC. art. 102.073(b). A claim challenging the bases of assessed court costs can be raised for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014)

Here, appellant was convicted of one first degree felony offense and one third degree felony offense in a single trial. *See* TEX. PENAL CODE §§ 29.03 (a)(2) (aggravated robbery), 38.04(b)(2)(A) (evading arrest or detention with a vehicle). Court costs, therefore, should have been assessed only once in the case with the highest category of offense, F21-76301-T. The record shows that appellant was assessed court costs in the amount of $301 in trial court cause number F21-76301-T and $301 in trial court cause number F21-57668-T even though the cases were tried together. Because all of the fees charged in trial court cause number F21-57668-T were already assessed in trial court cause number F21-76301-T, those fees are duplicative. We sustain appellant's first issue and modify the judgment and the bill of costs in trial court cause number F21-57668-T to delete the duplicative costs.

In the second issue, appellant argues the time payment fee was prematurely assessed in both cause numbers. The State agrees.

The record in each of the cases contains, in addition to a bill of costs, a document titled "Criminal Court Fee Docket." These fee dockets include the $286 costs listed in the judgments, plus an additional $15 labeled as "IP PLN." Thus, the docket in each case states that the "Amount Assessed" against appellant is $301. According to the legend of abbreviations provided with the fee docket, "IP PLN" stands for "Installment Plan." This appears to be the time payment fee that is taxed against criminal defendants who fail to timely pay any portion of the costs included in the bill of costs. *See* CRIM. PROC. art. 102.030(a) (authorizing trial courts to assess a $15 fee if the defendant fails to pay "any part of a fine, court costs, or restitution, or another reimbursement fee" by the 31st day after the judgment is signed); *see also Jakubiec v. State*, No. 05-22-00031-CR, 2023 WL 3836430, at *3 n.6 (Tex. App.— Dallas June 6, 2023, no pet.) (mem. op., not designated for publication) (citing *Shuler v. State*, 650 S.W.3d 683, 689 (Tex. App.—Dallas 2022, no pet.)). An appeal "stops the clock and suspends a defendant's obligation to pay court costs." *Jakubiec*, 2023 WL 3836430, at *3 n.6 (quoting *Dulin v. State*, 620 S.W.3d 129, 132–33 (Tex. Crim. App. 2021)) (citing *Shuler*, 650 S.W.3d at 689–90). Therefore, it is premature to tax the time payment fee against appellant during the pendency of his appeal. *See id.*

The time payment fee assessed against appellant in trial court cause number F21-76301-T was premature. In that case, Appellant filed his notice of appeal on November 1, 2022, and the $15 time payment fee was not assessed until November 5, 2022. Therefore, the time payment fee in trial court cause number F21-76301-T should be struck in its entirety. *See Shuler*, 650 S.W.3d at 690. In addition to concluding that the costs assessed in trial court cause number F21-57668-T were duplicative and should be struck, we further conclude the time payment fee should be struck as inapplicable. *See* CRIM. PROC. art. 102.030(a) (authorizing trial courts to assess a $15 fee if the defendant fails to pay "any part of a fine, court costs, or restitution, or another reimbursement fee" by the 31st day after the judgment is signed).

Accordingly, we sustain appellant's second issue and modify the bills of costs in both trial court cause numbers to strike the $15 time payment fee.

## CONCLUSION

We modify the judgment in trial court cause number F21-57668-T to delete the $286 in duplicative costs and the bill of costs to delete the assessed costs of $301. We affirm the judgment in trial court cause number F21-57668-T as modified.

We modify the bill of costs in trial court cause number F21-76301-T to delete the time payment fee of $15 from the fee docket.

We affirm the judgment in trial court cause number F21-76301-T.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

Do Not Publish
Tex. R. App. P. 47

221181F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEVYN KENARD COLEMAN,
Appellant

No. 05-22-01181-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F21-57668-T.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:
    We modify the judgment in trial court cause number F21-57668-T to
    delete the $286 in duplicative costs and the bill of costs to delete the
    assessed costs of $301.
As **REFORMED**, the judgment is **AFFIRMED**.


Judgment entered this 3rd day of May, 2024.



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

DEVYN KENARD COLEMAN,
Appellant

No. 05-22-01182-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F21-76301-T.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:
   We modify the bill of costs in trial court cause number F21-76301-T
   to delete the time payment fee of $15 from the fee docket.
As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 3rd day of May, 2024.