# NO. 12-24-00047-CR
# 12-24-00048-CR
# 12-24-00049-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAN ANTONIO ESPINO,*<br>*APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jan Antonio Espino appeals his three convictions for aggravated assault with a deadly weapon. In his sole issue, Appellant argues that the trial court improperly imposed duplicative court costs in two of the cases. We affirm in trial cause number CR21-00113 (appellate cause number 12-24-00047-CR) and we modify and affirm as modified in trial cause number CR21-00114 (appellate cause number 12-24-00048-CR) and trial cause number CR21-00115 (appellate cause number 12-24-00049-CR).

## BACKGROUND

Appellant was charged by indictment with three offenses of aggravated assault with a deadly weapon. In each case, Appellant entered an open plea of "guilty" and elected to have the trial court assess his punishment. The trial court found Appellant "guilty" in each case and heard evidence and argument regarding punishment. In trial cause numbers CR21-113 and CR21-114, the trial court sentenced Appellant to five years of confinement. In trial cause number CR21-115,

the trial court sentenced Appellant to fifteen years of confinement and assessed a fine of $10,000. The trial court ordered that the sentences would run concurrently.

**ASSESSMENT OF DUPLICATIVE COURT COSTS AND FEES**

In his sole issue, Appellant argues that the imposition of court costs and fees in two of the cases is improper because said court costs are duplicative of those assessed in the first case.

## Applicable Law

The Texas Code of Criminal Procedure provides as follows:

> (a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.
> (b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

TEX. CODE CRIM. PROC. ANN. art. 102.073(a), (b) (West 2018). In this context, we construe the phrase "[i]n a single criminal action" to mean in a single trial or plea proceeding. *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.).

## Analysis

The record shows that the allegations and evidence of all three offenses were presented in a single plea proceeding, or "criminal action." *See id*. at 203-04. Therefore, the trial court was authorized to assess each court cost and fee against Appellant only once. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a). When, as here, the convictions are for the same category of offense and the costs are the same, the costs and fees should be assessed in the case with the lowest trial court cause number. *See Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.—Houston [1st Dist.] 2016, *pet. dism'd, improvidently granted*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. Apr. 26, 2017)) (not designated for publication); *see also Shuler v. State*, 650 S.W.3d 683, 690 (Tex. App.—Dallas 2022, no pet.). The judgment in the case with the lowest trial court cause number, CR21-00113 (appellate cause number 12-24-00047-CR), shows an assessment of court costs and fees totaling $325, and the judgments in both of the other cases likewise show the assessment of court costs and fees totaling $325. In each case, the assessed court costs and fees included local consolidated court costs of $105, state consolidated court costs of $185, a time payment fee of $15, a fee of $10 for committing or releasing from jail, and a fee of $10 for taking and approving bond.

We sustain Appellant's issue as to the duplicative court costs and fees assessed against him in trial cause numbers CR21-00114 and CR21-00115. We have the authority to correct a trial court's judgment to make the record speak the truth when we have the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Because we have the necessary data and information to correct the amount of court costs and fees in trial cause numbers CR21-00114 and CR21-00115, we conclude that the judgments, the attached order to withdraw funds, and the bill of costs in those cases should be modified to remove the duplicate court costs and fees totaling $325. *See id.*; *see also* TEX. R. APP. P. 43.2(b).

### DISPOSITION

Having sustained Appellant's issue as to trial cause numbers CR21-00114 and CR21-00115, we *modify* the trial court's judgment, Order to Withdraw Funds, and bill of costs in said trial court cause numbers (appellate cause numbers 12-24-00048-CR and 12-24-00049-CR) to reflect that the amount of court costs and fees is $0.00. *See* TEX. R. APP. P. 43.2(b). In all other respects, we *affirm* the trial court's judgments in trial cause numbers CR21-00114 and CR21-00115 (appellate cause numbers 12-24-00048-CR and 12-24-00049-CR) *as modified*. We *affirm* the trial court's judgment in trial cause number CR21-00113 (appellate cause number 12-24-00047-CR).

BRIAN HOYLE
Justice

Opinion delivered August 21, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 21, 2024**

**NO. 12-24-00047-CR**

**JAN ANTONIO ESPINO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR21-00113)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 21, 2024**

**NO. 12-24-00048-CR**

**JAN ANTONIO ESPINO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court
of Van Zandt County, Texas (Tr.Ct.No. CR21-00114)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified, and as modified, affirmed.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below is **modified** to reflect that the amount of court costs and fees is $0.00; in all other respects, the judgment of the trial court is **affirmed**; and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 21, 2024**

**NO. 12-24-00049-CR**

**JAN ANTONIO ESPINO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR21-00115)

---

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that the judgment of the court below should be modified, and as modified, affirmed.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below is **modified** to reflect that the amount of court costs and fees is $0.00; in all other respects, the judgment of the trial court is **affirmed**; and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*